**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────

**No. 14-4462**

─────────

UNITED STATES OF AMERICA,

            Plaintiff – Appellee,

      v.

CALVIN JAMES HALL, a/k/a Kebo,

            Defendant - Appellant.

─────────

Appeal from the United States District Court for the District of
South Carolina, at Columbia.   Joseph F. Anderson, Jr., Senior
District Judge.   (3:12-cr-00513-JFA-16)

─────────

Submitted:  October 28, 2015          Decided:  November 10, 2015

─────────

Before NIEMEYER and KING, Circuit Judges, and DAVIS, Senior
Circuit Judge.

─────────

Affirmed by unpublished per curiam opinion.

─────────

Todd Hagins, THE HAGINS LAW FIRM, LLC, Columbia, South Carolina,
for Appellant. William N. Nettles, United States Attorney, J.D.
Rowell, Assistant United States Attorney, Leslie R. Caldwell,
Assistant Attorney General, Sung-Hee Suh, Deputy Assistant
Attorney General, Thomas E. Booth, UNITED STATES DEPARTMENT OF
JUSTICE, Washington, D.C., for Appellee.

─────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Calvin Hall appeals his convictions and life sentence for conspiring to participate in racketeering activity, in violation of 18 U.S.C. §§ 1962(d), 1963(a) (2012) (Count 1); conspiring to possess with intent to distribute 280 grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 846 (2012) (Count 10); two counts of possessing with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C), 18 U.S.C. § 2 (2012) (Counts 14, 44); using a telephone to facilitate a drug conspiracy, in violation of 21 U.S.C. § 843(b) (2012), 18 U.S.C. § 2 (Count 47); and interfering with commerce by robbery, in violation of 18 U.S.C. §§ 2, 1951 (2012) (Count 83).

On appeal, Hall contends that (1) evidence seized during the traffic stop should have been suppressed because the attending officer lacked reasonable suspicion of illegal activity; (2) evidence obtained from Hall's cell phone should have been suppressed, despite the good faith exception to the exclusionary rule and the independent source doctrine; (3) wiretap evidence should have been suppressed because the district court clearly erred in finding that the wiretap was necessary; and (4) his sentence contravened United States v. Alleyne, 133 S. Ct. 2151 (2013). We affirm.

When evaluating a district court's denial of a motion to suppress evidence, we review its legal determinations de novo and its factual determinations for clear error. United States v. Sowards, 690 F.3d 583, 587 (4th Cir. 2012). We construe the evidence "in the light most favorable to the Government, the prevailing party below." Id.

A

"When a police officer stops an automobile and detains the occupants briefly, the stop amounts to a seizure" under the Fourth Amendment. United States v. Digiovanni, 650 F.3d 498, 506 (4th Cir. 2011). An officer "may initiate a brief investigatory stop if the officer has reasonable suspicion to believe that 'criminal activity may be afoot.'" United States v. Griffin, 589 F.3d 148, 152 (4th Cir. 2009) (quoting Terry v. Ohio, 392 U.S. 1, 30 (1968)).

To determine whether reasonable suspicion exists, courts conduct a "totality of the circumstances" inquiry, asking "whether the officer had a particularized and objective basis for suspecting the particular person stopped of criminal activity." Id. (internal quotation marks omitted). Reasonable suspicion is "a commonsense, nontechnical conception that deals with the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians,

act." United States v. McCoy, 513 F.3d 405, 411 (4th Cir. 2008) (brackets and internal quotation marks omitted).

Generally, when an officer effects a Fourth Amendment seizure based in large part on information received from an informant, the reliability of that informant is an important consideration in determining whether reasonable suspicion existed. See United States v. DeQuasie, 373 F.3d 509, 518-19 (4th Cir. 2004). Reasonable suspicion depends as much on the "content (or quantity)" of the information provided as it does on the "reliability (or quality)" of the information. United States v. Perkins, 363 F.3d 317, 329 (4th Cir. 2004).

Applying these standards to the record before us, we conclude that the police officer in this case had reasonable suspicion to stop Hall's vehicle. The reliability of the informant is not in question, and the police knew that drug deals often occurred at the arranged location. Moreover, the timing of Hall's arrival and his behavior were inconsistent with the informant's information and, together, provided reasonable suspicion. Accordingly, the district court did not err in denying Hall's motion to suppress the evidence obtained as a result of the traffic stop.

B

Hall next challenges the admission of evidence found in a forensic search of his phone. The exclusionary rule prohibits

4

introducing "evidence obtained in violation of a defendant's Fourth Amendment rights, but the sole purpose of the rule is to deter future Fourth Amendment violations, and its application properly has been restricted to those situations in which its remedial purpose is effectively advanced."  United States v. Stephens, 764 F.3d 327, 335 (4th Cir. 2014) (citations and internal quotation marks omitted), cert. denied, No. 14-1313, 2015 WL 1970174 (U.S. Oct. 5, 2015).  As a result, "when the police act with an objectively reasonable good-faith belief that their conduct is lawful, . . . the deterrence rationale loses much of its force, and exclusion cannot pay its way."  Davis v. United States, 131 S. Ct. 2419, 2427-28 (2011) (citation and internal quotation marks omitted).  Consequently, the exclusionary rule does not apply to searches conducted in accordance with then-binding appellate precedent, even if that precedent is later overruled.  Id. at 2423-24.

In this case, at the time of the search, this court had ruled that the contents of a cell phone could be retrieved without a warrant during a search incident to arrest.  See United States v. Murphy, 552 F.3d 405, 410-12 (4th Cir. 2009). While the Supreme Court later held to the contrary, in Riley v. California, 134 S. Ct. 2473, 2484-85 (2014), the searching officer's conduct was in accord with then-binding precedent.

5

Therefore, the district court properly declined to suppress the evidence obtained.

II

Hall challenges the district court's admission of evidence secured by wiretap.  We review a district court's determination of the necessity for a wiretap under 18 U.S.C. § 2518 (2012) for abuse of discretion.  See United States v. Wilson, 484 F.3d 267, 280 (4th Cir. 2007).

To justify a wiretap, the Government must demonstrate that "normal investigative procedures have been tried and have failed or reasonably appear to be unlikely to succeed if tried or to be too dangerous."  18 U.S.C. § 2518(3)(c).  The burden imposed by this provision "is not great, and the adequacy of such a showing is to be tested in a practical and commonsense fashion that does not hamper unduly the investigative powers of law enforcement agents."  Wilson, 484 F.3d at 281 (internal quotation marks omitted).  "[T]he Government need only present specific factual information sufficient to establish that it has encountered difficulties in penetrating the criminal enterprise or in gathering evidence such that wiretapping becomes reasonable."  Id. (brackets and internal quotation marks omitted).

We have upheld findings of necessity where traditional investigative techniques revealed some illegal activity, but failed to adequately penetrate the full extent of the

conspiracy. <u>Wilson</u>, 484 F.3d 267; <u>United States v. Leavis</u>, 853 F.2d 215, 221 (4th Cir. 1988). In <u>Wilson</u>, traditional investigative techniques provided valuable information, but failed to "identify the higher-ups of the conspiracy," or "uncover the conspiracy's cocaine source and the extent to which the coconspirators distributed it for resale." 484 F.3d at 281. Upholding the district court's finding of necessity, we emphasized that wiretaps are particularly necessary "where crimes are committed by large and sophisticated organizations." <u>Id.</u> Indeed, "read[ing] the statute in an overly restrictive manner . . . could result in helping insulate more complex and sophisticated conspiracies." <u>Id.</u>

We find Hall's case materially indistinguishable from <u>Wilson</u>. Consequently, the district court correctly denied Hall's motion to suppress this evidence.

III

Finally, Hall contends that the district court erred in sentencing him. We review de novo a constitutional challenge to a sentence. <u>United States v. Dowell</u>, 771 F.3d 162, 167 (4th Cir. 2014).

The Due Process Clause and the Sixth Amendment require that any fact that raises the minimum or maximum sentence a defendant faces must be charged in the indictment and admitted by the defendant or proven to a jury beyond a reasonable doubt.

7

Alleyne v. United States, 133 S. Ct. 2151, 2155, 2160-63 (2013). Excepted from this general requirement is the fact of a prior conviction. Almendarez-Torres v. United States, 523 U.S. 224 (1998); see Alleyne, 133 S. Ct. at 2160 n.1 (refusing to revisit Almendarez-Torres).

When a defendant is convicted of a drug conspiracy, "prior felony drug convictions that fall within the conspiracy period may be used to enhance the defendant's sentence if the conspiracy continued after his earlier convictions were final." United States v. Smith, 451 F.3d 209, 224-25 (4th Cir. 2006). Under 21 U.S.C. § 841(b)(1)(A), a defendant convicted of a drug trafficking offense "after two or more prior convictions for a felony drug offense have become final" is subject to a mandatory sentence of life imprisonment.

The district court's failure to seek from the jury a specific verdict as to whether Hall's participation in the conspiracy continued after the date on which his prior convictions became final was harmless beyond a reasonable doubt. Under Count 44, the jury determined that on June 26, 2012, Hall received cocaine from individuals who were known members of the Bloods, which he then intended to distribute. Hall's prior convictions became final in October 2011. Thus, the district court's failure to obtain a specific finding from the jury that

Hall participated in the conspiracy beyond October 2011 was harmless.

IV

We affirm the district court's judgment and deny Hall's motion to file a pro se brief. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED